## NATIONAL AID LIFE ASS'N v. DEMPSEY.
### No. 4607.

Court of Civil Appeals of Texas. Texarkana.
Jan. 31, 1935.

Rehearing Denied Feb. 7, 1935.

W. J. Rutledge, Jr., of Dallas, for plaintiff in error.

648

Carney & Carney, of Atlanta, for defendant in error.

JOHNSON, Chief Justice.

Mrs. Lilla S. Dempsey sued the National Aid Life Association in the district court of Cass county to recover damages alleged to have been sustained by plaintiff as the result of alleged breach of contract on the part of the defendant. Plaintiff alleged, in substance, that on October 15, 1932, defendant National Aid Life Association of Oklahoma City, State of Oklahoma, now doing business on the assessment plan in the state of Texas, entered into a written contract with Pittsburg Reserve Insurance Company Association of Camp County, Pittsburg, Tex., then engaged in business as a mutual life association, which contract was approved by the Commissioners of Insurance of the State of Texas and of the State of Oklahoma. The provisions of the contract as a whole appear to have for its purpose, in so far as it was for the benefit of the members and their beneficiaries of the Pittsburg Association, to effect a transfer of such members in good standing to the National Aid Life Association, by giving them an opportunity to become members of the defendant association without further medical examination and without expense other than a special contingent assessment of $2. The defendant association obligated itself to "make tender in writing and forward by mail to such members of said Texas Association * * * its graduated rate benefit certificate on reversed basis * * * upon conditions precedent to the effectiveness of said insurance certificate * *. *." The contract between the two companies states the conditions precedent to the effectiveness of the certificates of insurance to be issued and tendered to such members as qualify under such conditions. Plaintiff alleged that her husband, Samuel W. Dempsey, held a certificate obligating the Texas Association to pay at his death to her as beneficiary the sum of, not to exceed, $1,000; that he had paid his assessment in advance to and including December 1, 1932; that he was in good standing and eligible under the conditions precedent stated in said contract to receive the certificate of insurance contracted to be tendered by defendant association; that defendant association, contrary to the provisions of said contract, failed to tender to said Samuel W. Dempsey its said certificate of insurance, and that he died on or about November 25, 1932, without having been given an opportunity of becoming a member in defendant association; that by reason of the alleged transfer to defendant association the Pittsburg Association ceased, and that her rights accruing by reason of the death of her husband had been lost as the result of defendant's wrongful acts in failing to tender to her husband its certificate of insurance as it had contracted to do, to plaintiff's damage in the sum of $1,000.

The case was tried to the court without a jury, and judgment was entered in favor of plaintiff against defendant for $675.67, the admitted value of a membership certificate in defendant association, from which judgment defendant has by petition for writ of error presented the case to this court for review.

The only assignment of error presented is: "The judgment of the trial court is wholly unsupported by any evidence."

██ The disputed issue of facts is whether or not the defendant association made tender in writing and forwarded by mail to Samuel W. Dempsey by letter addressed to him at Bloomburg, Tex., route 2, its certificate of insurance. Mrs. Mariott, secretary of defendant association, testified that so far as she knew no one representing defendant association ever saw Mr. Dempsey, or ever made the tender in question to him personally; that Mr. Dempsey's name and address was on the list of members furnished her association by the Pittsburg Association as eligible to receive the certificate of insurance in her association; that from this list the written tenders and accompanying certificates were made up in her office, and under her supervision, assisted by "two in the mailing room and two checking, and those who wrote the certificates"; that she left it to them to put the policies in the mail and take the mail to the post office; that her records show that the written tender and certificate in question was prepared and mailed to Mr. Dempsey at the address stated, but that she does not know of her own personal knowledge that it was in fact mailed.

Mrs. Dempsey testified that the letter in question was not delivered to the address stated and was not received by Mr. Dempsey. The mail carrier on this route testified in substance that he kept in pretty close touch with the mail delivered to the patrons on his route, and to the best of his recollection such a letter as that described in question was not delivered.

From this testimony we cannot say that the judgment of the trial court is without support in the evidence. In such circumstance

the judgment is binding on the reviewing court. Perkins v. Campbell (Tex. Civ. App.) 63 S.W.(2d) 567; Republic Reciprocal Ins. Ass'n v. Ewing (Tex. Civ. App.) 27 S.W.(2d) 270.

The judgment of the trial court will be affirmed.